UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
[illegible]

[illegible]

U.S. DISTRICT COURT

---

MARIA ESCALANTE,

         Plaintiff

v.

CENTER FOR HUMAN
DEVELOPMENT, INCORPORATED,

         Defendant

---

Civil Action No.:

# 04 - 30174 - KPN

FILING FEE PAID:
RECEIPT # 305723
AMOUNT $ 150.00
BY DPTY CLK [illegible]
DATE 9/3/04

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### Parties

1.    The Plaintiff, Maria Escalante, is a natural person currently residing at 33 Bissell Avenue, Springfield, Hampden County, Massachusetts.

2.    The Defendant, Center For Human Development, Incorporated, is a corporation with a principal place of business at 332 Birnie Avenue, Springfield, Hampden County, Massachusetts.

### Jurisdiction

3.    This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1332 and otherwise. The amount in controversy is in excess of $75,000.00, and there are federal-law claims set forth herein.

### Facts

4.    The Plaintiff began her employment on or about November 1, 1994 as a full-time employee under the job title of residential counselor.

5.    Over the time of her employment, the Plaintiff has always performed her job responsibilities well and received increases in wages.

6.     The Plaintiff was an excellent employee with an excellent work record.

7.     In the year 2002, the Plaintiff took disability leave due to her medical condition.

8.     The management of the Defendant knew that the Plaintiff was ultimately diagnosed
       with Fibromyalgia, Chronic Fatigue Syndrome and depression and anxiety relating
       to her medical conditions. The Plaintiff provided the Defendant with information and
       medical documentation in this regard.

9.     The Plaintiff had a record of impairment, her impairment was real and she was
       regarded by the Defendant and its management as having an impairment.

10.    The Plaintiff requested reasonable accommodation with regard to her impairment
       and her symptoms and treatment for the referenced medical conditions.

11.    Prior to her discriminatory termination of employment, the Plaintiff requested a
       reasonable accommodation in that she requested some time off from work for
       further medical treatment, and the Plaintiff was denied that request for reasonable
       accommodation.

12.    Prior to her discriminatory termination of employment, the Plaintiff also requested
       a modified work schedule and a different employment environment, and the Plaintiff
       was denied that request for reasonable accommodation.

13.    Instead of receiving reasonable accommodation, the Plaintiff's employment was
       terminated.

14.    The Defendant's handbooks appear to provide for time off for personal and/or
       medical reasons.

15.    The Plaintiff was out of work under FMLA and on disability leave and then her job
       was essentially terminated.

16.    The Plaintiff had approved Family Medical Act Leave (FMLA) leave from November 15, 2002 to May 22, 2003.

17.    The Plaintiff could have performed the essential functions of her job with some reasonable accommodation.

18.    The Defendant's management made statements that led the Plaintiff to believe that taking leave under the FMLA upset them and that her disability and handicap upset them.

19.    The Plaintiff was retaliated against and harassed for taking time under the FMLA and for her handicap and disability.

20.    Again, with some reasonable accommodation, the Plaintiff believes that she could continue to perform the essential functions of her job.

21.    The Plaintiff's overall performance did not suffer as a result of her medical condition or with being absent at times due to her medical condition.

22.    The Plaintiff was a qualified handicapped person and was regarded by the Defendant as having a handicap.

23.    The Plaintiff was treated differently and adversely by the Defendant based upon her handicap.  The Plaintiff sought leave for her medical condition and received retribution and retaliation for taking such leave.  The Plaintiff was otherwise treated adversely and differently for taking such leave.

24.    The Plaintiff has satisfied the prerequisites to filing suit.

## Count I
### (Americans With Disabilities Act– 42 U.S.C. § 12101, et. seq.–Handicap Discrimination)

25. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

26. The Defendant failed to follow the requirements of the Americans With Disabilities Act.

27. The Plaintiff requested to take leave for her medical condition and/or handicap and the Defendant took adverse action against the Plaintiff for taking such leave.

28. The Plaintiff requested a reasonable accommodation for her handicap and medical condition and was denied that reasonable accommodation.

29. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

30. The Plaintiff is a qualified handicapped person.

31. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Maria Escalante, respectfully requests judgement against the Defendant and for all damages available pursuant to the Americans With Disabilities Act and otherwise.

## Count II
### (Americans With Disabilities Act– 42 U.S.C. § 12101, et. seq.–Retaliation)

32. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

33. The Defendant failed to follow the requirements of the Americans With Disabilities

Act.

34.    The Plaintiff requested to take leave for her medical condition and/or handicap and the Defendant took adverse action against the Plaintiff for taking such leave.

35.    The Plaintiff requested a reasonable accommodation for her handicap and medical condition and was denied that reasonable accommodation.

36.    The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

37.    The Plaintiff is a qualified handicapped person.

38.    The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

39.    The Plaintiff was treated differently and adversely by the Defendant based upon her handicap and request for accommodation. The Plaintiff sought accommodation for her medical condition and received retribution and retaliation for requesting such accommodation.

WHEREFORE, the Plaintiff, Maria Escalante, respectfully requests judgement against the Defendant and for all damages available pursuant to the Americans With Disabilities Act and otherwise.

### Count III
### (M.G.L. c. 151B–Handicap Discrimination)

40.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

41.    The Plaintiff requested to take leave for her medical condition and/or handicap and

the Defendant took adverse action against the Plaintiff for taking such leave.

42.    The Plaintiff requested a reasonable accommodation for her handicap and medical condition and was denied that reasonable accommodation.

43.    The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

44.    The Plaintiff is a qualified handicapped person.

45.    The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

46.    The Defendant's conduct amounts to a clear violation of the relevant provisions of Massachusetts General Laws Chapter 151B and otherwise.

WHEREFORE, the Plaintiff, Maria Escalante, respectfully requests judgement against the Defendant and for all damages available pursuant the relevant provisions of M.G.L. c. 151B and otherwise.

### Count IV
### (M.G.L. c. 151B–Retaliation)

47.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

48.    The Plaintiff requested to take leave for her medical condition and/or handicap and the Defendant took adverse action against the Plaintiff for taking such leave.

49.    The Plaintiff requested a reasonable accommodation for her handicap and medical condition and was denied that reasonable accommodation.

50.    The Plaintiff's employment with the Defendant was terminated, and her employment

with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

51.    The Plaintiff is a qualified handicapped person.

52.    The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

53.    The Defendant's conduct amounts to a clear violation of the relevant provisions of Massachusetts General Laws Chapter 151B and otherwise.

54.    The Plaintiff was retaliated against for resisting and/or reporting the discriminatory conduct of the Defendant and its management.

55.    The Plaintiff was treated differently and adversely by the Defendant based upon her handicap and request for accommodation. The Plaintiff sought accommodation for her medical condition and received retribution and retaliation for requesting such accommodation.

WHEREFORE, the Plaintiff, Maria Escalante, respectfully requests judgement against the Defendant and for all damages available pursuant the relevant provisions of M.G.L. c. 151B and otherwise.

### Count V
### (Family Medical Leave Act–29 U.S.C. § 2601, et. seq.–Violations)

56.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

57.    The Defendant failed to follow the requirements of the Family Medical Leave Act, including but not limited to, the requirements for notice postings.

58.    The Plaintiff was treated adversely and differently than her co-workers because she

took FMLA leave.

59.    The Plaintiff requested to take leave for her medical condition and the Defendant took adverse action and retaliated against the Plaintiff for taking such leave.

60.    The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's taking FMLA leave.

61.    The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

62.    The Defendant failed to comply in this way and otherwise with the provisions of the FMLA.

63.    The Plaintiff was treated differently and adversely by the Defendant based upon her handicap and request for accommodation and based upon her request for FMLA leave.  The Plaintiff sought accommodation for her medical condition and received retribution and retaliation for requesting such accommodation.

WHEREFORE, the Plaintiff, Maria Escalante, respectfully requests judgement against the Defendant and for all damages available pursuant to the Family Medical Leave Act and otherwise.

**Count VI**
**(Family Medical Leave Act–29 U.S.C. § 2601, et. seq.–Retaliation)**

64.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

65.    The Defendant failed to follow the requirements of the Family Medical Leave Act, including but not limited to, the requirements for notice postings.

66.    The Plaintiff was treated adversely and differently than her co-workers because she took FMLA leave.

67.    The Plaintiff requested to take leave for her medical condition and the Defendant took adverse action and retaliated against the Plaintiff for taking such leave.

68.    The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's taking FMLA leave.

69.    The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

70.    The Defendant failed to comply in this way and otherwise with the provisions of the FMLA.

71.    The Plaintiff was retaliated against for resisting and/or reporting the discriminatory conduct of the Defendant and its management.

72.    The Plaintiff was treated differently and adversely by the Defendant based upon her handicap and request for accommodation and based upon her request for FMLA leave. The Plaintiff sought accommodation for her medical condition and received retribution and retaliation for requesting such accommodation.

WHEREFORE, the Plaintiff, Maria Escalante, respectfully requests judgement against the Defendant and for all damages available pursuant to the Family Medical Leave Act and otherwise.


**MARIA ESCALANTE CLAIMS A JURY TRIAL WITH RESPECT TO ALL CLAIMS SO TRIABLE, PURSUANT TO FED. R. CIV. P. RULE 38 AND OTHERWISE.**

Respectfully submitted,

THE PLAINTIFF
MARIA ESCALANTE
By Her Attorney

Date: August 16, 2004

MICHAEL O. SHEA, ESQUIRE
Law Office Of  Michael O. Shea
451 Main Street
Wilbraham, MA 01095
Telephone:(413) 596-8005
Facsimile: (413) 596-8095
BBO # 555474