UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
**************************************************
                                      *
MARIA ESCALANTE,                      *
                                      *
            Plaintiff,                *
                                      *
v.                                    *   CIVIL ACTION NO. 04-30174-KPN
                                      *
CENTER FOR HUMAN DEVELOPMENT,         *
INCORPORATED,                         *
                                      *
            Defendant.                *
                                      *
**************************************************
```

## AMENDED ANSWER TO COMPLAINT

Now comes the Center for Human Development, Inc., Defendant in the above-captioned matter, and pursuant to the Federal Rules of Civil Procedure, Answers the Complaint in this matter as follows:

### FIRST DEFENSE

#### Parties

1.  Defendant has no firsthand information regarding the allegations of Paragraph 1, and they are therefore denied.

2.  Defendant denies the allegations of Paragraph 2 as written. Further answering, Defendant admits that The Center For Human Development, Inc., is a Section 501 (c)(3) corporation under the Internal Revenue Code

#### Jurisdiction

3.  Defendant admits that this court has jurisdiction.

Facts

4. Defendant denies the allegations of Paragraph 4 as written. Further answering, Defendant admits that Plaintiff was hired on or about November 1, 1994, and was on Defendant's residential staff as part of the Beech I team.

5. Defendant denies the allegations of Paragraph 5 as written. Further answering, Defendant admits that when Plaintiff was able to work she performed her job to the Defendant's satisfaction. Further answering, the Defendant admits that Plaintiff received various pay increases.

6. Defendant incorporates its answers to Paragraph 6 above, and further answering, does not deny that at times Plaintiff performance was excellent.

7. Defendant denies the allegations of Paragraph 7 as written. Further answering, Defendant admits that effective November 14, 2002, Plaintiff commenced a leave of absence, and that, in addition to unpaid FMLA leave, she was granted short-term disability benefits.

8. Defendant denies the allegations of Paragraph 8 as written. Further answering, Defendant admits that on February 18, 2003, Plaintiff physician notified Defendant that Plaintiff suffered from chronic pain syndrome.

9. Defendant has no firsthand information to admit or deny the allegations of Paragraph 9 of the Complaint as written, and they are therefore denied. Defendant does not deny that it was notified that Plaintiff had a serious health condition as defined by the FMLA.

10. Defendant denies the allegations of Paragraph 10 as written. Further answering, the Defendant asserts that the only request made by Complainant was an

-3-

extension of her leave of absence for more than the period required by the FMLA.

11. Defendant denies the allegations of Paragraph 11 as written. Further answering, Defendant admits that it informed Plaintiff that based on the information available and in light of the critical need to staff her position it could not extend her leave of absence. Further answering, Defendant admits that Plaintiff's employment was terminated effective February 13, 2003, but asserts that Plaintiff was expressly informed that she should contact her manager when her work restrictions changed.

12. Defendant denies the allegations of Paragraph 12. Further answering, Defendant submits that a return to work at that time would have been inconsistent with the information provided by Plaintiff's health care providers.

13. Defendant denies the allegations of Paragraph 13 as written. Further answering, Defendant incorporates its answers to Paragraph 11 above.

14. Defendant denies the allegations of Paragraph 14 as written and further answering, states that handbook provision speaks for itself.

15. Defendant denies the allegations of Paragraph 15. Further answering, the Defendant admits that Plaintiff's employment was terminated when she was unable to return to work following the expiration of her FMLA leave.

16. Defendant denies the allegations of Paragraph 16. Further answering, Defendant admits it approved an FMLA for Plaintiff, in writing, for up to twelve weeks or until February 7, 2003, contingent upon presentation of satisfactory medical documentation.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20 to the extent that it asserts that Complainant could perform the essential functions of her job with reasonable accommodation.

21. Defendant denies the allegations of Paragraph 21 to the extent that it alleges that Plaintiff's continuing inability to return to work upon the expiration of her FMLA leave of absence did not cause her performance to suffer.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant admits the allegations of Paragraph 24 only as to some of the claims.

## Counts I- A.D.A. Discrimination

25. Defendant incorporates its answers to each preceding Paragraph as if fully set forth herein.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27, but further answering, admits that it discharged Plaintiff when she was unable to return to work following the expiration of her approved leave of absence.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29, but further answering, admits that it discharged Plaintiff when she was unable to return to work following the expiration of her approved leave of absence.

-5-

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31 to the extent it alleges any unlawful conduct.

### Count II – ADA Retaliation

32. Defendant incorporates its answers to each preceding Paragraph as if fully set forth herein.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34, but further answering, admits that it discharged Plaintiff when she was unable to return to work following the expiration of her approved leave of absence.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36, but further answering, admits that it discharged Plaintiff when she was unable to return to work following the expiration of her approved leave of absence.

37. Defendant denies the allegations of Paragraph 30.

38. Defendant denies the allegations of Paragraph 38 to the extent it alleges any unlawful conduct.

39. Defendant denies the allegations of Paragraph 39.

### Count III- M.G.L. 151B – Handicap Discrimination

40. Defendant incorporates its answers to each preceding Paragraph as if fully set forth herein.

41. Defendant denies the allegations of Paragraph 41, but further answering, admits

that it discharged Plaintiff when she was unable to return to work following the expiration of her approved leave of absence.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43, but further answering, admits that it discharged Plaintiff when she was unable to return to work following the expiration of her approved leave of absence.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45 to the extent it alleges any unlawful conduct.

46. Defendant denies the allegations of Paragraph 46.

### Count IV – M.G.L. 151B - Retaliation

47. Defendant incorporates its answers to each preceding Paragraph as if fully set forth herein.

48. Defendant denies the allegations of Paragraph 48, but further answering, admits that it discharged Plaintiff when she was unable to return to work following the expiration of her approved leave of absence.

49. Defendant denies the allegations of Paragraph 49.

50. Defendant denies the allegations of Paragraph 50, but further answering, admits that it discharged Plaintiff when she was unable to return to work following the expiration of her approved leave of absence.

51. Defendant denies the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52 to the extent it alleges any unlawful conduct.

53. Defendant denies the allegations of Paragraph 53.

54. Defendant denies the allegations of Paragraph 54.

55. Defendant denies the allegations of Paragraph 55.

## Count V- FMLA

56. Defendant incorporates it answers to each preceding Paragraph as if fully set forth herein.

57. Defendant denies the allegations of Paragraph 57.

58. Defendant denies the allegations of Paragraph 58.

59. Defendant denies the allegations of Paragraph 59, but further answering, admits that it discharged Plaintiff when she was unable to return to work following the expiration of her approved leave of absence.

60. Defendant denies the allegations of Paragraph 60.

61. Defendant denies the allegations of Paragraph 61 to the extent it alleges any unlawful conduct.

62. Defendant denies the allegations of Paragraph 62.

63. Defendant denies the allegations of Paragraph 63.

## Count VI- FMLA - Retaliation

64. Defendant incorporates its answers to each preceding Paragraph as if fully set forth herein.

65. Defendant denies that allegations of Paragraph 65.

66. Defendant denies the allegations of Paragraph 66.

67. Defendant denies the allegations of Paragraph 67, but further answering, admits

that it discharged Plaintiff when she was unable to return to work following the expiration of her approved leave of absence.

68. Defendant denies the allegations of Paragraph 68, but further answering, admits that it discharged Plaintiff when she was unable to return to work following the expiration of her approved leave of absence.

69. Defendant denies the allegations of Paragraph 69 to the extent it alleges any unlawful conduct.

70. Defendant denies the allegations of Paragraph 70.

71. Defendant denies the allegations of Paragraph 71.

72. Defendant denies the allegations of Paragraph 72.

## SECOND DEFENSE

The Complaint and each of the claims for relief therein fail to state a claim for which relief can be granted.

## THIRD DEFENSE

Plaintiff's rights to restoration under the FMLA ended when she was unable to return to her position following the expiration of her twelve week FMLA leave.

## FOURTH DEFENSE

Plaintiff is no longer employed with Defendant due to legitimate, nondiscriminatory business reasons.

## FIFTH DEFENSE

Defendant, at all pertinent times herein, acted in good faith and had reasonable grounds for believing that its actions or omissions did not violate the FMLA.

### SIXTH DEFENSE

Plaintiff has failed to mitigate her alleged damages, has failed to exercise reasonable diligence in seeking comparable employment, and thus is barred from collecting backpay, benefits, and other damages.

### SEVENTH DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

### EIGHTH DEFENSE

Extending the Plaintiff's leave of absence as requested was not a reasonable accommodation.

### NINTH DEFENSE

Extending the Plaintiff's leave of absence would have been an undue burden.

### TENTH DEFENSE

Defendant made an unconditional offer of reinstatement, which Plaintiff rejected.

WHEREFORE, Defendant respectfully requests

1. That this Court dismiss Plaintiff's Complaint in its entirety;
2. That Defendant be awarded its attorneys' fees associated with defending this action; and
3. That the Court award Defendant any other relief deemed appropriate.

                                    Respectfully Submitted,

                                     /s/ Amy B. Royal  
                                  Amy B. Royal, Esq.  
                                  BBO No. 647175  
                                  Counsel for Defendant  
                                  Skoler, Abbott & Presser, P.C.  
                                  One Monarch Place, Suite 2000  
                                  Springfield, Massachusetts   01144  
Dated:  April 26, 2005              Tel. (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the above document was served upon Plaintiff's counsel, Michael O. Shea, Esq., Law Office of Michael O. Shea, 451 Main Street, Wilbraham, MA 01095, by first class, U.S. mail, postage prepaid on April 26, 2005.

                                     /s/ Amy B. Royal  
                                    Amy B. Royal, Esq.